IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Troy Gillam Jr.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀No. 23 C 7805
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
Abro Kalamazoo 3, Inc,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀)

Memorandum Opinion and Order

Plaintiff was employed as a cashier at a tobacco shop in Michigan owned and operated by defendant. Around July 26, 2023, plaintiff's supervisor allegedly called one of plaintiff's coworkers and informed the coworker that both he and plaintiff had been fired for stealing money from the store and that they should not return to work. Plaintiff filed this action on September 7, 2023, asserting three claims. First, for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, based on defendant's alleged failure to pay plaintiff during certain periods for both regular and overtime work. Second, for violation of 42 U.S.C. § 1981 based on plaintiff's supervisor's use of racial epithets toward plaintiff. And third, for slander *per se*, based on the statements about plaintiff having stolen money from defendant.

Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to the Western District of Michigan. In response, plaintiff filed a first amended complaint, which adds a claim for FLSA retaliation. The basis for that claim is an alleged call placed by Andrew Zaituna--one of defendant's Michigan attorneys--to plaintiff's counsel in which Zaituna relayed that defendant intended to file a police report in Michigan and Chicago about plaintiff's purported theft because plaintiff had filed this suit. Plaintiff has moved for limited jurisdictional discovery in order to respond to defendant's motion to dismiss or transfer.

I.

To secure jurisdictional discovery, a plaintiff must, at a minimum, "establish a colorable or prima facie showing of personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (citation omitted). Typically, courts will grant such discovery if the plaintiff "can show that the factual record is at least ambiguous or unclear on the jurisdiction issue," but not if all that is offered are "bare, attenuated, or unsupported assertions of personal jurisdiction." *Gilman Opco LLC v. Lanman Oil Co., Inc.*,

2

No. 13-cv-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014) (citations and internal quotation marks omitted).[1]

A.

Plaintiff argues that both general and specific personal jurisdiction apply here. General jurisdiction obtains only "when the [defendant's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697–98 (7th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). This type of jurisdiction "should not lightly be found" because, where it is found, it subjects entities even to suits unconnected to the forum. *Id.* at 698. Unsurprisingly then, the Supreme Court has thus far identified only two situations in which it exists for corporations: when a corporation is sued in the state of its principal place of business or the state of its incorporation. *Id.* Here, by plaintiff's own allegations, defendant is incorporated and has its principal place of business in Michigan.

Plaintiff nonetheless endeavors to establish that defendant is "essentially at home" in Illinois, proposing several discovery

---

[1] Plaintiff discusses the standard for allowing discovery prior to the Rule 26(f) conference found at Federal Rule of Civil Procedure 26(d). A request for jurisdictional discovery in response to a motion to dismiss for lack of jurisdiction, however, is governed by its own line of caselaw, and that is the standard I employ here.

requests designed to probe defendant's general connections with the state. These include, among other things, interrogatories and document requests relating to defendant's corporate formation and incorporation; credit card sale transactions; accounts opened or maintained at financial institutions; vendors and consultants; and tax filings. *See* Interrogatories 2, 3, 5, ECF 18-1; Requests for Production 1, 2, 3, 4, 7, 10, ECF 18-2. In plaintiff's view, this information will help establish the extent of defendant's contacts with Illinois. *See* Mot. at 3–7, ECF 18.

The central problem with these requests is that they fail to establish a prima facie case of general jurisdiction. Surely if defendant's contacts with Illinois were so continuous and systematic as to subject it to general personal jurisdiction in this state, there would be some supporting evidence outside of defendant's exclusive control that plaintiff could supply. Even by way of allegations, there is not enough in the first amended complaint that would ground these discovery requests as to general jurisdiction. *See Calloway v. AT&T Corp.*, No. 18 C 06975, 2019 WL 4694724, at *3 (N.D. Ill. Sept. 26, 2019) (finding no need for discovery on general jurisdiction because indications were that defendants' Illinois operations "rise nowhere near the level needed to tag them as being at home in Illinois"). In fact, the first amended complaint's allegation that defendant owns multiple stores in Michigan--with no mention of any operations in Illinois-

4

-cuts against the notion that defendant is "essentially at home" in Illinois. That is because determining whether a court has general jurisdiction "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20. Since the first amended complaint contains allegations that defendant owns multiple stores in Michigan, it is exceedingly unlikely that it has contacts with Illinois sufficient to subject it to general jurisdiction here. In other words, more extensive contacts in one state can dilute the significance of contacts in others.

In *Marks v. Worldwide Robotic Automated Parking, LLC*,[2] even where plaintiff came forth with some documentary evidence suggesting defendant had connections to Illinois, Judge Dow declined to allow discovery as to general jurisdiction. No. 16-cv-8656, 2017 WL 2985757, at *6 (N.D. Ill. July 13, 2017). Here, even were I to grant the requested discovery, nothing suggests that it would reveal contacts sufficient to meet the stringent standard for general personal jurisdiction. *Id.* at *7; *see Kipp*, 783 F.3d at 698 (recognizing the standard as a stringent one that requires "more than the 'substantial, continuous, and systematic

---

[2] Plaintiff tries to distinguish this case by pointing out that the plaintiff there argued for piercing the corporate veil to gain jurisdiction. But in addition to the corporate veil argument, the plaintiff attempted to independently tie the defendant to his favored jurisdiction with documentary evidence.

course of business' that was once thought to suffice" (quoting *Daimler*, 571 U.S. at 137)). To open that door, plaintiff must first establish a prima facie case of general jurisdiction, and he has not done so.

### B.

Specific jurisdiction, unlike general jurisdiction, is case-specific. And more than that, it is claim-specific: there must be personal jurisdiction over defendant as to each claim when considered separately. *See MG Design Assocs., Corp. v. Costar Realty Info., Inc.*, 224 F. Supp. 3d 621, 629 (N.D. Ill. 2016) (citations omitted). This type of jurisdiction requires that: (1) defendant purposefully availed itself of the privilege of conducting business in Illinois, or purposefully directed his activities at Illinois; (2) the alleged injury arose from defendant's forum-related activities; and (3) its application comports with traditional notions of fair play and substantial justice. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted).

Plaintiff claims that interrogatories seeking information about defendants' credit card sales and financial accounts will "identify the financial transactions that are implicated in Plaintiff's alleged theft scheme, to the extent that they occurred in Chicago." Reply at 5, ECF 22. Whatever relevance this financial information might have to the merits of plaintiff's claims, he

6

does not adequately explain how it is relevant to the question of specific personal jurisdiction, especially because it is the defendant's conduct--not the plaintiff's--that matters for jurisdictional purposes. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (jurisdiction depends on "contacts that the 'defendant *himself*' creates with the forum State," regardless of plaintiff's contacts (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))). Similarly, plaintiff contends that several of the requests for production "will verify that Plaintiff did not steal any funds from Defendant." Reply at 5. Even assuming that they would, I fail to see how they relate to jurisdiction.

Plaintiff also proposes discovery on defendant's employees and job applicants, for the purpose of demonstrating that defendant sometimes employed Illinois residents. Though the more central issue as to jurisdiction--and one for which plaintiff is in control of any evidence--would be plaintiff's own residence,[3] if defendant has employed other Chicago residents while they resided in Chicago, it would make it more likely that plaintiff was in fact a Chicago resident while employed by defendant. Plaintiff maintains--in both the first amended complaint and the proposed second amended

---

[3] However, I stress that simply showing that plaintiff resided in Illinois during any relevant period would likely not be sufficient on its own to establish specific personal jurisdiction as to any of his claims.

complaint discussed below--that he himself resided in Chicago. Accordingly, plaintiff has put forth enough on this issue to warrant limited jurisdictional discovery. To that end, plaintiff may propound requests for production 5 and 6.[4]

Plaintiff additionally seeks information about defendant's payroll calendar, which he claims is necessary to determine when his FLSA cause of action for wages accrued and whether it accrued in Illinois. Interrogatory 4; Mot., ECF 18 at 4. However, he does not elaborate on why he needs this particular information to establish specific personal jurisdiction on his FLSA claim. Information about where he resided while working for defendant, for which periods he went unpaid, the number of hours for which he was not paid (those periods and hours are alleged in the first amended complaint) are within plaintiff's control.

In request for production 12, plaintiff seeks copies of all police reports filed by defendant anywhere in the last three years. The reason he gives for seeking this information is to establish defendant's contacts with the forum generally. But since this information could obviously also relate specifically to his FLSA

---

[4] Plaintiff does not explain why information about job applications is relevant, however. Even if defendant received applications from people in Chicago, that does not mean that defendant would accept them or employ people residing there. So request for production 8 is not appropriate at this time. Nor is request for production 9, which seeks copies of all requests or demands for payment from any current or former employees, for which plaintiff does not establish jurisdictional relevance.

retaliation claim--if defendant filed a police report against plaintiff in Chicago, that would contribute to defendant's contacts with this state for purposes of that claim--I will permit him to propound this discovery request, but limited only to any police reports that defendant has filed in Illinois against plaintiff in the last three years.

Plaintiff further argues that he needs certain discovery to refute various aspects of the affidavit defendant filed with its motion to dismiss. For example, in the affidavit, defendant's representative states that defendant does not own, operate, or manage property in Illinois. Abro Decl. ¶ 3, ECF 8-1. But discovery on this issue is unnecessary because, as discussed above, it will not give rise to general jurisdiction here. And defendant's ownership of property in Illinois is not relevant to specific jurisdiction, since it does not relate to plaintiff's claims.

Finally, plaintiff wants to obtain the phone records of Randall Clark who, according to defendant, fired plaintiff over the phone. Request for Production 11. Plaintiff disagrees with this account and wants discovery to refute it. But whether he was fired by Clark over the phone or if, as plaintiff alleges, he heard about the firing from his coworker who was fired over the phone by Clark, is immaterial for jurisdictional purposes. After all, it could be the case that Clak in fact did call plaintiff to fire him *and* that plaintiff's coworker was called while that coworker was

in Chicago and was told that he and plaintiff were being fired for stealing money. At any rate, plaintiff does not explain how this discovery request would affect jurisdiction.

## II.

Plaintiff also moves for leave to file a second amended complaint. The new complaint would remove the allegation contained in both the original complaint and the first amended complaint that "[p]laintiff is a resident of both Chicago, Illinois and Michigan," First Am. Compl. ¶ 3, ECF 11; Original Compl. ¶ 3, ECF 1, and replace it with an allegation that plaintiff is a resident of Chicago only, "and has lived there since around 2019," Proposed Second Am. Compl. ¶ 3, ECF 23-1. Plaintiff explains that the earlier allegations about his residency were a mistake. He also seeks to add a claim for fraudulent misrepresentation based on the fact that defendant's representative told plaintiff that defendant was going to file a police report on plaintiff, even though it did not actually intend to. As a result, plaintiff alleges he incurred monetary damages in preparing for a potential false criminal charge.

Leave to amend should be given freely "when justice so requires," and should only be denied where there is a "good reason --futility, undue delay, undue prejudice, or bad faith" for doing so. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 310 (7th Cir. 2018). Defendant primarily argues that plaintiff's

10

amendments are sought in bad faith. Defendant calls the fraudulent

misrepresentation claim "baseless" and paints it as an attempt to

evade defendant's motion to dismiss or transfer. This case is still

in its infancy, however, and plaintiff has at least explained the

basis for the fraudulent misrepresentation claim. Given the

lenient standard that applies to granting leave to amend, I

conclude plaintiff may amend to add this new claim. And though I

agree with defendant that plaintiff's amended allegation as to his

true residency raises questions, I cannot say it rises to the level

of bad faith. It is just as likely the result of miscommunication

between plaintiff and his attorney, or confusion on the attorney's

part regarding the facts.

Defendant also argues that amendment would be futile because

the added claim will not survive a motion to dismiss for lack of

personal jurisdiction. I reject that argument for now because there

is already a motion to dismiss for lack of personal jurisdiction

pending.

III.

For the foregoing reasons, plaintiff's motion for expedited

jurisdictional discovery is granted in part and denied in part. He

may propound interrogatory 1 (for purposes of possible future

deposition related to responses to the other discovery requests)

and requests for production 5 and 6 as they appear in the exhibit

attached to his motion. He may also propound request for production

11

12, but limited to police reports defendant filed in Illinois against plaintiff from the last three years. This limited discovery is ordered closed on February 21, 2024. Plaintiff's motion for leave to file a second amended complaint is granted. Plaintiff is instructed to file the second amended complaint as a separate docket entry. Plaintiff's motion for an extension of time to respond to the motion to dismiss is granted. Plaintiff's response is due March 13, 2024 and defendant's reply is due March 27, 2024.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 22, 2024